UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

MICHAEL IZELL SEALS,

    Petitioner,

    v.

WARDEN FRANCISCO JAQUEZ and ATTORNEY GENERAL BILL LOCKYER,

    Respondents.

                                            /

No. C 10-3707 PJH (PR)

**ORDER DISMISSING PETITION WITH LEAVE TO AMEND**

      Petitioner, a California state inmate, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Petitioner has the burden of pleading exhaustion in his habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

      A petitioner fully and fairly presents a claim to the state courts if he presents the claim (1) to the correct forum, *see* § 2254(c); (2) in the proper manner, *see Castille v. Peoples*, 489 U.S. 346, 351 (1989); and (3) includes the factual and legal basis for the claim, *see Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir.1999). Full and fair presentation requires a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief. *See Picard v. Connor*, 404 U.S. 270, 278 (1971).

Petitioner concedes in the petition that although he appealed his conviction, the issues he presents here are not those that were raised on direct appeal. He also says that he filed a state habeas petition, which it appears may have contained the issues presented here, but only in the California Superior Court for Lake County, not in the California Court of Appeal or the California Supreme Court. He says he has no other actions pending that go to the conviction attacked here. In short, he has not pleaded that he presented these claims to the highest state court available, the California Supreme Court, and thus has not pleaded exhaustion. The petition will be dismissed with leave to amend to plead exhaustion, if petitioner can do so in good faith.

## CONCLUSION

The petition is **DISMISSED** with leave to amend to plead exhaustion within thirty days of the date this order is entered. The amendment must include the caption and civil case number used in this order and the words AMENDED PETITION on the first page. If petitioner does not amend, the case will be dismissed.[1]

**IT IS SO ORDERED.**

Dated: May 31, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.10\SEALS3707.DWLTA.wpd

---

[1] Such a dismissal would not in itself bar petitioner from filing a new case. *See Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000) (limits on second or successive petitions do not apply when earlier petition was dismissed for failure to exhaust). A new case might, however, be barred for some other reason, such as failure to comply with the statute of limitations. Under the Antiterrorism and Effective Death Penalty Act, petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or expiration of the time for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the United States Supreme Court, if the right was newly recognized and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for collateral review (such as a state habeas petition) is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2). However, the time a federal petition, such as this one, is pending is not excluded from the calculation.