United States District Court

For the Northern District of California

1

2

3                          UNITED STATES DISTRICT COURT

4                          NORTHERN DISTRICT OF CALIFORNIA

5                                  OAKLAND DIVISION

6

7    MICHAEL IZELL SEALS,

8                    Petitioner,              No. C 10-3707 PJH (PR)

9         v.                                  **ORDER DISMISSING
                                              AMENDED PETITION WITH**
10   WARDEN FRANCISCO JAQUEZ and              **LEAVE TO AMEND**
     ATTORNEY GENERAL BILL
11   LOCKYER,

12                   Respondents.
     _____/
13

14        Petitioner, a California state inmate, has filed a petition for writ of habeas corpus

15   pursuant to 28 U.S.C. § 2254.  The original petition in this case was dismissed with leave to

16   amend.  Petitioner has filed an amended petition.

17        Petitioner conceded in the original petition that although he appealed his conviction,

18   the issues he presented here were not those that were raised on direct appeal.  He also

19   stated that he filed a state habeas petition, which it appeared may have contained the

20   issues presented here, but only in the California Superior Court for Lake County, not in the

21   California Court of Appeal or the California Supreme Court.  He stated he had no other

22   actions pending that go to the conviction attacked here.

23        In the amended petition, petitioner states he attached several exhibits from various

24   state habeas petitions that demonstrate exhaustion.  However, the only relevant exhibit that

25   was sent to the court was a denial from the California Supreme Court denying a habeas

26   petition.  However, the petition to the California Supreme Court was not attached nor does

27   petitioner state what claims were presented to the California Supreme Court.  Based on the

28   original petition it appears, though the court cannot be certain, that only petitioner's

**United States District Court**
For the Northern District of California

1  ineffective assistance of counsel claim may have been exhausted.  The court also notes

2  that the amended petition does not present petitioner's claims, but merely discusses

3  exhaustion.  The amended petition is dismissed with leave to file a second amended

4  petition within twenty-eight days.  If petitioner files a second amended petition, he must set

5  forth his claims and demonstrate that they have been exhausted.  Petitioner should only

6  present claims that have been properly exhausted.  Simply stating that the claims have

7  been exhausted, without identifying which claims, is insufficient.

8          An application for a federal writ of habeas corpus filed by a prisoner who is in state

9  custody pursuant to a judgment of a state court may not be granted unless the prisoner has

10  first exhausted state judicial remedies, either by way of a direct appeal or in collateral

11  proceedings, by presenting the highest state court available with a fair opportunity to rule

12  on the merits of each and every issue he or she seeks to raise in federal court.  *See* 28

13  U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).  Petitioner has the

14  burden of pleading exhaustion in his habeas petition.  *See Cartwright v. Cupp*, 650 F.2d

15  1103, 1104 (9th Cir. 1981).

16          A petitioner fully and fairly presents a claim to the state courts if he presents the

17  claim (1) to the correct forum, *see* § 2254(c); (2) in the proper manner, *see Castille v.*

18  *Peoples*, 489 U.S. 346, 351 (1989); and (3) includes the factual and legal basis for the

19  claim, *see Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir.1999).  Full and fair

20  presentation requires a reference to a federal constitutional guarantee and a statement of

21  facts that entitle the petitioner to relief. *See Picard v. Connor*, 404 U.S. 270, 278 (1971).

22          If petitioner brings another petition with exhausted and unexhausted claims, he

23  would be bringing a mixed petition.  Mixed petitions are subject to dismissal, although

24  petitioner would be offered the opportunity to delete unexhausted issues or ask for a stay to

25  allow him to exhaust them.  *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Guizar v.*

26  *Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).

27  ///

28  ///

**CONCLUSION**

The amended petition is **DISMISSED** with leave to amend within twenty-eight days of the date this order is entered.  Petitioner must set forth his claims and plead exhaustion of those claims.  The amendment must include the caption and civil case number used in this order and the words SECOND AMENDED PETITION on the first page.  If petitioner does not amend, the case will be dismissed.[1]

**IT IS SO ORDERED.**

Dated:  November 15, 2012.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.10\Seals3707.dwlta2wpd.wpd

United States District Court
For the Northern District of California

---

[1]    Such a dismissal would not in itself bar petitioner from filing a new case.  *See Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000) (limits on second or successive petitions do not apply when earlier petition was dismissed for failure to exhaust).  A new case might, however, be barred for some other reason, such as failure to comply with the statute of limitations.  Under the Antiterrorism and Effective Death Penalty Act, petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which:  (1) the judgment became final after the conclusion of direct review or expiration of the time for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the United States Supreme Court, if the right was newly recognized and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  Time during which a properly filed application for collateral review (such as a state habeas petition) is pending is excluded from the one-year time limit.  *Id.* § 2244(d)(2).  However, the time a federal petition, such as this one, is pending is not excluded from the calculation.

3