United States District Court
For the Northern District of California

1

2

3          UNITED STATES DISTRICT COURT

4          NORTHERN DISTRICT OF CALIFORNIA

5          OAKLAND DIVISION

6

7   MICHAEL IZELL SEALS,

8                 Petitioner,                    No. C 10-3707 PJH (PR)

9     vs.                                        **ORDER GRANTING
                                                RESPONDENT'S MOTION TO
10  WARDEN FRANCISCO JAQUEZ,                     DISMISS AND GRANTING
                                                CERTIFICATE OF
11                Respondent.                    APPEALABILITY**
                                    /
12

13        This is a habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254.

14  This case proceeds on the second amended petition with one claim of ineffective

15  assistance of counsel.  Respondent has filed a motion to dismiss on the grounds that

16  petitioner has failed to exhaust his state court remedies and the petition is barred by the

17  statute of limitations.  Petitioner has filed an opposition and respondent has replied.  The

18  motion will be granted for the reasons set out below.

19                          **DISCUSSION**

20        **Statute of Limitations**

21        The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which

22  became law on April 24, 1996, imposed for the first time a statute of limitations on petitions

23  for a writ of habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging

24  non-capital state convictions or sentences must be filed within one year of the latest of the

25  date on which:  (A) the judgment became final after the conclusion of direct review or the

26  time passed for seeking direct review; (B) an impediment to filing an application created by

27  unconstitutional state action was removed, if such action prevented petitioner from filing;

28  (C) the constitutional right asserted was recognized by the Supreme Court, if the right was

**United States District Court**
For the Northern District of California

1  newly recognized by the Supreme Court and made retroactive to cases on collateral

2  review; or (D) the factual predicate of the claim could have been discovered through the

3  exercise of due diligence.  28 U.S.C. § 2244(d)(1).  Time during which a properly filed

4  application for state post-conviction or other collateral review is pending is excluded from

5  the one-year time limit.  *Id.* § 2244(d)(2).   The one-year period generally will run from "the

6  date on which the judgment became final by the conclusion of direct review or the

7  expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

8       Petitioner was sentenced in Lake County Superior Court on April 29, 2005.  Motion

9  to Dismiss (MTD), Ex. 1.  Petitioner appealed and the California Court of Appeal affirmed

10  the judgment on June 13, 2006.  MTD, Exh. 2; *People v. Seals*, 2006 WL 1613986 (Cal.

11  App. 1 Dist, 2006).  Petitioner filed an untimely petition for review with the California

12  Supreme Court on August 1, 2006.  MTD, Exh. 4; See Cal. Rules of Court 8.366(b),

13  8.500(e), *Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008) (petitioner has 40 days from the

14  time the Court of Appeal issues an opinion to file a petition for review).  Petitioner also filed

15  an application for relief from default to the California Supreme Court on August 1, 2006,

16  that the court denied on August 2, 2006, and closed the case.  MTD, Exh. 4.

17       Petitioner's conviction became final on July 23, 2006, when the time to file a petition

18  with the California Supreme Court expired.  Thus, the statute of limitations expired one year

19  later on July 23, 2007.  See 28 U.S.C. § 2244(d)(1).  Several years later, petitioner filed a

20  petition for writ of habeas corpus in the Lake County Superior Court on February 2, 2010,

21  that was denied on February 5, 2010, in a reasoned decision.  MTD, Exhs. 5, 6.  Petitioner

22  filed the original federal petition in this case on July 29, 2010.[1]

23       Petitioner will not receive statutory tolling for the Lake County Superior Court petition

24  as it was filed several years after the expiration of the statute of limitations.  *See Ferguson*

25  _____

26  [1] The court affords petitioner application of the mailbox rule as to all his habeas filings
    in state court and in this federal court.  *Houston v. Lack*, 487 U.S. 266, 275-76, 108 S.Ct. 2379,
27  101 L.Ed.2d 245 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to
    prison authorities); *Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule
28  applies to pro se prisoner who delivers habeas petition to prison officials for the court within
    limitations period).

United States District Court

For the Northern District of California

1  *v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the

2  reinitiation of the limitations period that has ended before the state petition was filed," even

3  if the state petition was timely filed).  Thus, this petition is untimely by three years.

4         Petitioner makes no arguments for equitable tolling and his opposition is difficult to

5  follow.  Petitioner discusses several state and federal civil rights cases he filed over the last

6  eight years.  It seems that petitioner argues because his petition for review to the California

7  Supreme Court was untimely, the only way he could exhaust his claims was by way of civil

8  rights cases in state and federal court.  Opposition at 4.  Petitioner is incorrect.

9         An application for a federal writ of habeas corpus filed by a prisoner who is in state

10  custody pursuant to a judgment of a state court may not be granted unless the prisoner has

11  first exhausted state judicial remedies, either by way of a direct appeal or in collateral

12  proceedings, by presenting the highest state court available with a fair opportunity to rule

13  on the merits of each and every issue he or she seeks to raise in federal court.  *See* 28

14  U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).

15         A petitioner fully and fairly presents a claim to the state courts, "if he presents the

16  claim (1) to the correct forum; (2) through the proper vehicle; and (3) by providing the

17  factual and legal basis for the claim.  Full and fair presentation additionally requires a

18  petitioner to present the substance of his claim to the state courts, including a reference to

19  a federal constitutional guarantee and a statement of facts that entitle the petitioner to

20  relief."  *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009) (citations omitted).

21         Of course, petitioner's arguments about proper exhaustion have little impact on the

22  untimeliness of his petition.  To the extent petitioner seeks some type of tolling for the filing

23  of these civil rights cases, any such request is denied.  Petitioner references three federal

24  civil rights cases, *Seals v. Mitchell*, No. C 04-3764 NJV,  *Seals v. Cardoza*, No. C 05-0496

25  SBA and *Seals v. Mitchell*, No. C 05-1863 SBA.[2]  These cases generally involved

26  allegations with respect to his arrest, presumably the arrest of the crime for the underlying

27

28         [2] Petitioner never indicates why he chose to file federal civil rights cases as opposed
to a federal habeas petition in the years before and after his conviction became final.

3

United States District Court

For the Northern District of California

1   case.  Case No. 04-3764 NJV, involved allegations of excessive force, went to trial and

2   resulted in a verdict for defendants.[3]  Case No. 05-0496 involved other claims apparently

3   related to his arrest but was dismissed for failure to state a claim and was affirmed on

4   appeal by the Ninth Circuit.  Case No. 05-1863 involved allegations of retaliation related to

5   his arrest and was dismissed for failure to exhaust.  None of these cases warrant any type

6   of tolling that would aid this habeas petition that was filed three years after the expiration of

7   the statute of limitations.  The AEDPA contains no statutory tolling provision for the

8   pendency of a federal civil rights lawsuit.  Indeed, even a properly filed federal habeas

9   petition does not toll the AEDPA's one-year limitations period.  *See Duncan v. Walker*, 533

10  U.S. 167, 181-182 (2001) (under 28 U.S.C. § 2244(d)(2), the one-year statute of limitations

11  does not toll for the time a federal application for writ of habeas corpus is pending in federal

12  court).

13      While it would seem that petitioner was confused as to the proper way to exhaust a

14  claim prior to filing a federal habeas petition, a pro se petitioner's lack of legal sophistication

15  is not, by itself, an extraordinary circumstance warranting equitable tolling.  *Rasberry v.*

16  *Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).  For all these reasons, this petition is

17  untimely.[4]

### CONCLUSION

19      Respondent's motion to dismiss (Docket No. 13) is **GRANTED** as discussed above.

20  The petition is **DISMISSED**.  The clerk shall close the file.

### APPEALABILITY

22      The federal rules governing habeas cases brought by state prisoners require a

23  district court that enters a final order adverse to the petitioner to grant or deny a certificate

24  of appealability in the order.  *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C.

25  foll. § 2254.

26

27

   [3] The court appointed counsel to represent petitioner at trial.

28

   [4] As the petition is untimely, the court need not address the exhaustion argument.

4

**United States District Court**
For the Northern District of California

1   A petitioner may not appeal a final order in a federal habeas corpus proceeding

2   without first obtaining a certificate of appealability.  *See* 28 U.S.C. § 2253(c); Fed. R. App.

3   P. 22(b).  Section 2253(c)(1) applies to an appeal of a final order entered on a procedural

4   question antecedent to the merits, for instance a dismissal on statute of limitations grounds,

5   as here.  *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

6   "Determining whether a COA should issue where the petition was dismissed on

7   procedural grounds has two components, one directed at the underlying constitutional

8   claims and one directed at the district court's procedural holding."  *Id.* at 484-85.  "When the

9   district court denies a habeas petition on procedural grounds without reaching the

10  prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at

11  least, that jurists of reason would find it debatable whether the petition states a valid claim

12  of the denial of a constitutional right and that jurists of reason would find it debatable

13  whether the district court was correct in its procedural ruling."  *Id.* at 484.  As each of these

14  components is a "threshold inquiry," the federal court "may find that it can dispose of the

15  application in a fair and prompt manner if it proceeds first to resolve the issue whose

16  answer is more apparent from the record and arguments."  *Id.* at 485.  Supreme Court

17  jurisprudence "allows and encourages" federal courts to first resolve the procedural issue,

18  as was done here.  *See id.*

19  Here, the court concludes that reasonable jurists could find it debatable whether

20  petitioner received ineffective assistance of counsel.  The court therefore GRANTS a COA.

21  The court declines to issue a COA regarding the procedural holding that the petition was

22  untimely.

23  Accordingly, the clerk shall forward the file, including a copy of this order, to the

24  Court of Appeals.  *See* Fed. R. App. P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270

25  (9th Cir. 1997).

26  **IT IS SO ORDERED.**

27  Dated: August 27, 2013.

PHYLLIS J. HAMILTON
United States District Judge

28